IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for DORAL BANK
Plaintiff

vs

NEYSA VALLE-JIMENEZ
Defendant

CIVIL 15-2210CCC

**OPINION AND ORDER**

Before the Court is plaintiff Federal Deposit Insurance Corporation, as Receiver of Doral Bank's ("FDIC-R's") Motion to Dismiss Counterclaim with prejudice for lack of subject-matter jurisdiction filed on February 24, 2016 (**d.e. 10**), which is opposed without argument by defendant Neysa Valle-Jiménez. For the reasons stated below, the Court **GRANTS** plaintiff's motion to dismiss.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On February 27, 2015, the FDIC-R was appointed receiver of Doral Bank, which was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico on the same date. By operation of federal law, the FDIC-R, as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interests and status as a party in this pending action. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

On September 30, 2013, prior to FDIC-R's appointment, Doral Bank commenced a foreclosure action against defendants in the Commonwealth of Puerto Rico Court of First Instance, Bayamón Part against defendant Valle-Jiménez. On September 26, 2014, defendant filed a counterclaim in said

CIVIL 15-2210CCC                    2

court.  On May 28, 2015, after the FDIC-R had been appointed receiver, defendant filed a statutory claim via FDIC-R's administrative process pursuant to 12 U.S.C. § 1821(d)(5)(C).  On June 18, 2015, FDIC-R was substituted as a party in the case before the Puerto Rico court.  On July 23, 2015, FDIC-R disallowed defendant's administrative claim. FDIC-R filed its Notice of Removal (d.e. 1) with this Court on September 1, 2015, pursuant to 28 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1).  Along with said Notice, the FDIC-R submitted copies of documents presented by the parties before the Commonwealth of Puerto Rico's Court of First Instance, and it submitted English translations of the same on October 15, 2015 (d.e. 8).

FDIC-R moves to dismiss defendant's counterclaim on the grounds that defendant's failure to continue or recommence said claim within sixty (60) days renders final FDIC-R's disallowance of defendant's administrative claim, pursuant to 12 U.S.C. § 1821(d)(6)(B), depriving this Court of subject-matter jurisdiction.

## II.    PLEADING STANDARD

Federal courts are courts of limited jurisdiction.  Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim.  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the Plaintiff's favor."  *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008).  The movant bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory.  *Goolev v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).  Courts need not address complaints supported only by "bald

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

## III.    DISCUSSION

### A.    Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")

FIRREA establishes the FDIC as the agency that would best handle failed banks as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). The FDIC also assumes the liabilities of the failed institution. 12 U.S.C. § 1823(c)(2)(A)(i). The idea behind this framework is "to facilitate takeovers of insolvent financial institutions and smooth the modalities by which rehabilitation might be accomplished." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013) (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992)).

### B.    FIRREA Administrative Procedure

Because Congress wanted the FDIC to handle failed depository institutions in an expeditious manner, FIRREA created a statutory claims process to handle all claims against failed banks. *Acosta-Ramírez*, 712 F.3d at 19. After the appropriate governmental entity appoints the FDIC as receiver, it must publish a notice to the depository institution's claimants of their obligation to present proof of their claims by a specific date (claims bar date).[1] 12 U.S.C. § 1821(d)(3)(B)(I). This claims bar date cannot occur before

---

[1] The governmental entity that appoints the FDIC as receiver of failed financial institutions is the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. *See* P.R. Laws Ann. tit. 7, 2001.

CIVIL 15-2210CCC                            4

90 days after the first publication.[2]  *Id*.  At the same time it publishes the first notice, the FDIC must also mail a similar notice to any claimant listed in the failed institution's books, or within 30 days of discovering the name and address of a claimant not appearing on the institution's books.  12 U.S.C. § 1821(d)(3)(C).  If the claimant fails to file the claim before the claims bar date the claim is barred.  *See* 12 U.S.C. § 1821(d)(5)(C).

After a claim is filed, the FDIC has 180 days to allow or disallow the claim.  *Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(5)(A)(i)).  Claimants have sixty 60 days after the disallowance of the claim, or 180 days after the expiration of the administrative decision deadline, to either seek judicial review or to continue a case in court if the case has been stayed.  *Acosta-Ramírez*, 712 F.3d at 19; *see also* 12 U.S.C. § 1821(d)(6) (establishing that claimant may file suit or continue an action commenced before the appointment of receiver).

Failing to comply with the statutory administrative claims procedures deprive the courts of subject matter jurisdiction over any claim to assets of the failed financial institution.  *See* 12 U.S.C. § 1821(d)(13)(D)(i); *see also Lakeshore Realty Nominee Trust v. FDIC*, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994) (dismissing case where plaintiff did nothing to reactivate his claim).

### C.   **Application**

In the present case, defendant filed her administrative claims with the FDIC-R on May 28, 2015, and the FDIC-R issued a disallowance of said claims on July 23, 2018.  After the disallowance notice was issued, defendant

---

[2]The notice must be republished twice, at approximately one and two months, after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii).

CIVIL 15-2210CCC                    5

failed to take any action.  Pursuant to Section 1821(d)(6) of FIRREA, once a claim is disallowed, the claimant has 60 days to either request administrative review or file suit on such a claim or continue an action commenced prior to the receivership.  Because defendant failed to do so, this Court does not have subject matter jurisdiction over the counterclaim.

**IV.   CONCLUSION**

In light of the foregoing, FDIC-R's Motion to Dismiss Defendant's Counterclaim (**d.e. 10**) is **GRANTED**.  Accordingly, the Court will enter Judgment dismissing defendant's counterclaim.

SO ORDERED.

At San Juan, Puerto Rico, on April 20, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge